IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-077 |
| | * | |
| GABRIEL LAKES | * | |

**O R D E R**

On August 12, 2021, the Court denied Defendant Gabriel Lakes's motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A) because not only had Defendant failed to establish a qualifying serious medical condition warranting release, the factors of 18 U.S.C. § 3553(a) weighed against his release. (See Doc. 569.)

At present, Defendant has filed a motion to reconsider his entreaty for compassionate release. He expounds upon the history of the compassionate release provision and Congress's desire to broaden its application with passage of the First Step Act of 2018, all to show that the Court construed § 3582(c)(1)(A) too narrowly. On this legal point, Defendant is simply incorrect. The Court has and will continue to follow Eleventh Circuit precedent, which imposes three conditions on granting a sentence reduction under the compassionate release provision: the existence of

extraordinary and compelling circumstances, adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community), and support in the § 3553(a) sentencing factors. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements forecloses a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

In Defendant's case, he failed to show any of the three conditions, and his motion for reconsideration has not changed this conclusion. Defendant remains unable to establish that his medical condition (stage 3 chronic kidney disease) substantially diminishes his ability to engage in self-care within the BOP facility. See U.S.S.G. § 1B1.13 app. n.1(A)(ii); see also United States v. O'Neal, 2021 WL 5894858 (11th Cir. Dec. 14, 2021) (affirming district court's assessment that an inmate's hypertension, congestive heart failure, type 2 diabetes, high cholesterol, shortness of breath, and bilateral edema did not constitute an extraordinary and compelling medical reason to warrant compassionate release because the medical conditions were not terminal and were properly managed by the prison).

More importantly, Defendant has offered no evidence or argument that would compel a different conclusion to the § 3553(a) analysis. Defendant insists that greater weight should be accorded

to his post-conviction rehabilitation; even so, the Court maintains and concludes that Defendant's release would not serve the statutory purposes of sentencing. (See Order of Aug. 12, 2021 at 4.)

Because Defendant Gabriel Lakes's present motion for compassionate release presents no new circumstances that would warrant the Court's reconsideration of its decision to deny relief, the motion (doc. 573) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of February, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA